JOHN SHEEHAN, Appellant, *v.* THE NEW YORK CENTRAL RAILROAD COMPANY and JACOB RUTH, Respondents.

Third Department, June 22, 1938.

*William C. Merchant* [*Max H. Zuckerman* of counsel], for the appellant.

*Whalen, McNamee, Creble & Nichols* [*Charles E. Nichols* of counsel], for the respondent The New York Central Railroad Company.

*George B. Hurley* [*John J. Conners, Jr.,* of counsel], for the respondent Jacob Ruth.

PER CURIAM. This is an appeal by the plaintiff from an order and judgment dismissing the complaint of the plaintiff upon the merits, in favor of the defendant the New York Central Railroad Company, and from a judgment dismissing the complaint upon the merits in favor of the defendant Ruth.

On the 1st day of January, 1938, at about four-twenty A. M. the plaintiff was driving an automobile north on a bridge over the New York Central which runs from Watervliet avenue to West Albany over the New York Central railroad tracks. The bridge was twenty to thirty feet wide. When plaintiff's automobile was about seventy or eighty feet from the north end of the bridge an automobile going in the opposite direction came so close that it touched the bumper of the plaintiff's car. The plaintiff got out of his car to talk with the driver of the other car. He was standing in front of it and touching it when he was enveloped in a cloud of steam which came from an engine standing on the track when an automobile ran into the rear of the car which was against the plaintiff's with such force that he was thrown to the floor of the bridge and as the result he sustained two broken bones in his arm. The locomotive was standing under the bridge after the accident and had been there according to the plaintiff's story about two minutes when the accident occurred. The car directly against the plaintiff's car was owned by one Louisie.

Upon this evidence, uncontradicted, the plaintiff's complaint was dismissed and a nonsuit granted as to both defendants.

We are to determine merely whether there was any evidence which under any reasonable view should have been submitted to the jury.

The smoke and steam must have been the only reason that caused Ruth to run into Louisie's car and thereby knock the plaintiff to the bridge. His lights ought to have shown the car standing

there unless he drove into the smoke and steam without regard to whether or not he could see where he was going.

We believe that upon this evidence there was a question to go to the jury as to Ruth. As to the New York Central the proof showed that the smoke and steam had only been coming for two minutes. Railroads cannot run their engines without making some smoke and two minutes is not long enough to show negligence. The evidence as it stood when the motion to dismiss was made was sufficient to create an issue on which the plaintiff was entitled to go to the jury as against Ruth.

The order and judgment dismissing the complaint on the merits against the New York Central Railroad Company should be affirmed, with costs.

The order and judgment dismissing the complaint on the merits against the defendant Jacob Ruth should be reversed and a new trial granted, with costs to appellant to abide the event.

HILL, P. J., RHODES, CRAPSER and BLISS, JJ., concur; HEFFER-NAN, J., dissents and votes to affirm.

Order and judgment dismissing the complaint on the merits against the New York Central Railroad Company affirmed, with costs.

Order and judgment dismissing the complaint on the merits against the defendant Jacob Ruth reversed on the law and facts and a new trial granted, with costs to the appellant to abide the event.